D. Kalish, OSBA No. 111529
HKM Employment Attorneys LLP
308 SW First Ave., Suite 325
Portland, OR 97204
PHONE: (503) 389-1130
EMAIL: dkalish@hkm.com

*Attorneys for Plaintiff Everdith Wilburn*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| EVERDITH WILBURN,<br><br>Plaintiff,<br><br>vs.<br><br>TUALITY HEALTHCARE, an Oregon Corporation,<br><br>Defendant. | Case No. 3:16-cv-377<br><br>**COMPLAINT**<br><br>**Unlawful Employment Practices under Oregon Law (ORS 659A.030 and ORS 659A.199), Federal Law (29 U.S.C. § 623 and 42 U.S.C. § 2000e-2), and Wrongful Discharge in Violation of Public Policy**<br><br>**DEMAND FOR JURY TRIAL** |

### I. INTRODUCTION

Plaintiff, EVERDITH WILBURN ("Wilburn" or the "Plaintiff"), hereby files her Complaint against Defendant, TUALITY HEALTHCARE ("Tuality" or the "Defendant" or "the Company"), and alleges as follows:

### II. NATURE OF THE ACTION

1. Plaintiff is an individual residing in Washington County, Oregon.

2. Defendant is an Oregon corporation that transacts business in Washington County and throughout Oregon, and has its principal place of business in Oregon.

3.  Defendant discriminated against Plaintiff during her employment on the basis of her age and sex, retaliated against Plaintiff for whistleblowing, and ultimately wrongfully terminated her employment. Defendant's illegal actions caused Plaintiff severe emotional distress.

### III. JURISDICTION AND VENUE

4.  This Court has jurisdiction over this action pursuant to subject matter federal court jurisdiction, 28 U.S.C. § 1331. This Court has jurisdiction over the state law claims pursuant to supplemental/pendent jurisdiction, 28 U.S.C. § 1367.

5.  Venue is proper under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to this class action occurred in Oregon.

### IV. FACTUAL ALLEGATIONS

6.  At all material times, Defendant was Plaintiff's employer. Defendant's employees and/or agents supervised Plaintiff, and she relied on the actual and/or apparent authority of Tuality's employees, supervisors, and management.

7.  Plaintiff, currently fifty-five years old, was hired by Tuality on October 20, 2000. Prior to joining the Company, she had a successful career at Eastman Kodak, Strong Memorial Hospital, Hillsboro Medical Clinic, and Oregon Health Sciences University.

8.  Apparently recognizing her skills, Tuality recruited her, and ultimately hired her, from the Oregon Health and Science University, with the goal that Plaintiff would open an OB/GYN clinic. Her title was Medical Office Services Coordinator – RN Administrator.

9. Plaintiff's performance at Tuality was superlative. For the past decade, Plaintiff continued to grow Tuality, helping it expand from a small clinic to a company with over seventy-five employees and nine locations. Plaintiff assisted in opening and managing several clinics in multiple different fields, including OB/GYN, Family Practice, Urgent Care Clinic, Internal Medicine in three locations, Bariatrics, General Surgery, Endocrinology, Orthopedics/ Sports Medicine, Pediatrics, Pulmonology, Physiatry, Neurosurgery, and Psychology.

10. Plaintiff was available to work twenty-four hours a day, seven days a week, and she assisted doctors in making the transition to private practice and implementing new electronic health records programs. She continued to assist on various treatment models (e.g., "Lean" programs for the treatment of headaches) and was the lead in the acquisition of a three-practice merger. She managed a team of assistants and saw that all the clinics ran smoothly and successfully.

11. Despite her incredible success, her employment, starting in 2013, was marred by age and sex discrimination against her. In 2013, Tuality hired Ms. Jane Gratteri ("Gratteri"), a much younger and less-qualified woman, to replace and take over Plaintiff's role and position at Tuality.

12. When Gratteri arrived at Tuality, she had two to three years of experience, whereas Plaintiff had thirty-five. In 2013, Gratteri had roughly two years of experience in running clinics; Plaintiff had over thirty years' experience. While Gratteri wore stilettoes, bold makeup, short tight skirts, and tight tops, Plaintiff dressed more conservatively.

13.     Despite the marked differences in skills and experience (and appropriate attire), Gratteri continued to receive promotions and additional duties that once belonged to Plaintiff. Gratteri was also allowed certain privileges — such as hiring new staff and transferring other staff —that were never granted to Plaintiff.

14.     Not surprisingly, given her lack of experience, Gratteri had problems with her job duties. The clinics that she oversaw had difficulty complying with regulatory requirements, and the staff at these clinics complained that Gratteri provided little feedback, direction, or leadership. These clinics also consistently ran afoul of HIPPA policies by allowing Gratteri and others to access personal information for family and other individuals.

15.     Plaintiff voiced her concerns about how Tuality was being run. It wasn't long before Tuality fired Plaintiff, in early April 2015.

16.     Plaintiff worked hard for Tuality, accomplished many good things on the Company's behalf, and often helped doctors pass hospital and clinical inspections. She managed hundreds of doctors and even more staff members during her career at Tuality, and she had an exemplary employee file and reviews. She was the most knowledgeable person in her position and the only manager with a clinical degree in the network of clinics. Despite this sterling record, she was terminated while employees such as Gratteri, Shari Murrell, and Perla Andrade — whose credentials and track records were far less impressive — kept their jobs.

17.     It is clear that Tuality's decision was motivated by something other than competence and diligence, namely discrimination and retaliation. This is further

evidenced by the inappropriate comments by personnel at Tuality.  At one meeting, when Plaintiff mentioned her age Dr. Stuart Currie responded, "Well, that's unfortunate for you." On another occasion, Dr. Currie sent an email to Plaintiff regarding a provider and said, "She's older, you need to keep your eye on her."  Further, on information and belief, other older employees also have been pushed out of Tuality, apparently for their age or their refusal to wear short skirts and heels.

18.    Plaintiff was terminated as result of her age and her gender.  By the time Plaintiff was dismissed, she had been under tremendous stress and felt humiliated, disrespected, and discriminated against. Her wrongful termination from employment has since caused signficant harm to Plaintiff's physical and emotional health.

## V. CLAIMS FOR RELIEF

### A. FIRST CAUSE OF ACTION
### (ORS 659A.885, ORS 659A.030, and 29 USC § 623)
### (Age Discrimination)

19.    Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

20.    Defendant discriminated against the Plaintiff based on Plaintiff's age.

21.    As a direct and proximate result of the Defendant's discriminatory conduct, Plaintiff has suffered economic loss in the form of back pay, front pay, lost benefits, and out-of-pocket expenses, in an amount to be proven at trial, plus statutory interest.

22.    As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff has suffered noneconomic harm in the form of emotional and

mental distress, degradation, embarrassment, and humiliation.

23. Defendant's conduct was malicious and/or wanton and/or willful and/or intentional and/or reckless, and Plaintiff is entitled to punitive damages.

24. Plaintiff is entitled to recover reasonable attorneys' fees and costs.

### B. SECOND CAUSE OF ACTION
### (ORS 659A.885, ORS 659A.030, and 42 USC § 2000e-2)
### (Sex Discrimination)

25. Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

26. Defendant discriminated against the Plaintiff based on Plaintiff's sex.

27. As a direct and proximate result of the Defendant's discriminatory conduct, Plaintiff has suffered economic loss in the form of back pay, front pay, lost benefits, and out-of-pocket expenses, in an amount to be proven at trial, plus statutory interest.

28. Defendant's conduct was malicious and/or wanton and/or willful and/or intentional and/or reckless, and Plaintiff is entitled to punitive damages.

29. As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff has suffered noneconomic harm in the form of emotional and mental distress, degradation, embarrassment, and humiliation, for which Plaintiff seeks compensation.

30. Plaintiff is entitled to recover reasonable attorneys' fees and costs.

## D. THIRD CAUSE OF ACTION
### (Wrongful Termination in Violation of Public Policy)

31. Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

32. Defendant's decision to terminate Plaintiff was substantially motivated by the fact that Plaintiff complained about Defendant's failure to comply with applicable laws, rules, and regulations.

33. As a result of Defendant's unlawful conduct, Plaintiff has incurred, and continues to incur, lost income and non-economic damages in an amount to be proven at trial.

34. As a direct and proximate result of Defendant's conduct, Plaintiff suffered and continues to suffer economic damages and humiliation, and other emotional distress in an amount to be proven at trial.

35. Defendant's conduct was malicious and/or wanton and/or willful and/or intentional and/or reckless, and Plaintiff is entitled to punitive damages.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant and prays for:

A. Compensatory and emotional distress damages;

B. Statutory penalties as permitted by law;

C. Reasonable attorneys' fees and the costs of this action as permitted by law;

D. Statutory prejudgment interest;

E. Punitive damages; and

    F.    Such other relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury.

    Dated this 29th day of February, 2016.

                                            **HKM Employment Attorneys LLP**

                                            */s/ Dan Kalish*
                                            D. Kalish, OSBA No. 111529
                                            308 SW First Ave., Suite 325
                                            Portland, OR  97204
                                            PHONE: (503) 389-1130
                                            EMAIL:  dkalish@hkm.com

                                            *Attorneys for Plaintiff Everdith Wilburn*